IN THE UNITED STATES DISTRICT COURT
CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| UTAH ANIMAL RIGHTS COALITION "UARC," a Utah non-profit corporation; PETER TUCKER; ROB HUTTON; AARON LEE; CHRISTOPHER COFFIN; JACOB EVANS; and ASHLEY RACKL<br><br>   Plaintiff,<br>vs.<br><br>SALT LAKE COUNTY, a body corporate and politic of the State of Utah; COUNTY EMPLOYEE I (aka ART LOVATO); and COUNTY EMPLOYEE II (aka COREY BULLOCK),<br><br>   Defendant. | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>CIVIL NO. 2:07CV70 DAK |

This matter came before the court on September 25, 2007 to consider cross-motions for Summary Judgment.[1] Defendants Salt Lake County, Art Lovato, and Corey Bullock were represented by David H.T. Wayment of the Salt Lake District Attorney's Office. Plaintiffs Utah Animal Rights Coalition (UARC), Peter Tucker, Rob Hutton, Aaron Lee, Christopher Coffin, Jacob Evans, and Ashley Rackl were represented by Brian M. Barnard.[2] Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.

STATEMENT OF FACTS

Plaintiffs contend that, pursuant to 42 U.S.C. § 1983, their First Amendment Rights were violated when they were ordered to cease a demonstration at the Salt Lake County Equestrian Park and Event Center ("Center"), which is located in South Jordan, Utah. On February 1, 2007,

---

[1] In light of the disposition of the Motion for Summary Judgment, the various pending discovery motions are denied as moot.

[2] The claims of plaintiff Aaron Lee have been previously dismissed by stipulation of the parties.

the individual plaintiffs conducted a demonstration against a circus being held at the Center.[3] Although disputed facts exist as to what prompted Defendants Lovato and Bullock to call the South Jordan Police, there is no dispute that they deferred to the police once the police officers arrived at the Center. Relying on a South Jordan ordinance, the police informed the UARC demonstrators that they could not demonstrate in South Jordan without a permit and would have to leave or be arrested.[4]

Plaintiffs contend that Lovato and Bullock, in contravention of both the Constitution and county policy, called the police to quell a demonstration based on the content of that demonstration. Section 1983 provides for recovery from a defendant who, under color of state law, subjects a plaintiff to a deprivation of constitutional rights. There must be an affirmative link, or causal connection, between the alleged acts or omissions and each named defendant.[5] A plaintiff must plead facts that establish that each defendant acted under color of law and that the actions were a cause-in-fact of the alleged violation.[6] The pleadings must show a defendant's personal participation in the alleged deprivation of rights.[7]

In this case, Plaintiffs have not affirmatively linked the Salt Lake County employees to

---

[3] U ARC was not involved in the protest.

[4] Plaintiffs have settled their claims against South Jordan.

[5] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

[6] *Stidham v. Peace Officer Standards & Training*, 265 F.3d 114, 1156 (10th Cir. 2001); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[7] *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Jenkins*, 81 F.3d at 994.

any constitutional violation alleged in the Complaint.  Plaintiffs place a great deal of reliance on their allegation that Bullock and Lovato wanted the demonstrators to leave and that the police never would have come if either Bullock or Lovato had not called the police.  The subjective intent of Bullock and Lovato, however, is irrelevant.   In any event, calling the police is not acting under color of law as required by Section 1983.   A person acts under color of law when he or she exercises power possessed by virtue of law and "made possible only because the wrongdoer is clothed with the authority of state law." [8] "It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state."[9]   In order for the tortfeasor to be acting under color of law, his act must involve the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[10]   Bullock and Lovato did exactly what any citizen should do when there is a legal dispute over the use of land; they called the police and let the police sort it out.

There is no evidence that Bullock or Lovato took any action that was made possible only because they were clothed with the authority of the state.  Any person can pick up the phone and call the police.

Next, Plaintiffs attempt to impose liability on the county employees because they failed to

---

[8] *United States v. Classic,* 313 U.S. 299, 326 (1941).

[9] *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1150 (3d. Cir.1995).

[10] *Classic,* 313 U.S. at 326.

countermand the orders of the police. There is no such constitutional right to expect county employees to obstruct the police in carrying out their duties or to lecture the police on First Amendment principles. It is a bedrock principle of federal law that there is no vicarious liability for 1983 actions,[11] and there is no authority for the proposition that a county employee, such as the Defendants in this case, violated a person's civil rights either by calling the police or by deferring to the police once they arrived.[12]

Additionally, the Amended Complaint alleges that Salt Lake County is liable to Plaintiffs because Bullock and Lovato were enforcing a county ordinance, which was the subject of previous litigation at Abravanel Hall in Salt Lake City.[13] Plaintiffs also contend that Bullock and Lovato were final policymakers for the County. The court disagrees. It was the South Jordan City Ordinance that the police officers enforced–not the Salt Lake County ordinance–and Bullock and Lovato are not final policymakers for the County. Thus, Plaintiffs have failed to create a genuine issue of material fact regarding whether the County is liable for the acts of Bullock and Lovato, and thus, the claims against the County are dismissed.

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED THAT Defendants' Motion for Summary Judgment [docket #31] is GRANTED, and Plaintiffs' Motion for Partial Summary

---

[11] *See, e.g., Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997); *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115 (1992).

[12] Thus, even assuming arguendo that there was a constitutional violation, the county employees would be entitled to qualified immunity.

[13] In light of the disposition of this case on the merits, it is unnecessary to decide the county's claim that the Abravanel Hall litigation has *Res Judicata* effect on this case.

Judgment [docket # 56] is DENIED.   The court has not relied on the Affidavit of Lovato, and thus, the Motion to Strike Affidavit of Lovato [docket # 46] is MOOT.   In addition, the Defendants' Cross-Motion for Summary Judgment [docket # 67] is MOOT.   All other non-dispositive motions are MOOT.   Each party shall bear his, her, or its own costs and fees.   This case is now closed.

DATED this 16th day of October, 2007.

District Court Judge

*Dale A. Kimball* (signature)

_____Dale A. Kimball