IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UTAH ANIMAL RIGHTS COALITION, "UARC;" et al.,** <br><br> Plaintiffs, <br><br> vs. <br><br> **SALT LAKE COUNTY, a governmental entity, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:07CV70 DAK |

This matter is before the court on Defendant Salt Lake County's (1) Bill of Costs and Plaintiffs' Objections thereto, (2) Defendant Salt Lake County's Motion for Attorney Fees, and (3) Plaintiffs' Motion to Strike Motion for Attorney Fees.[1] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In its decision in this case, the Tenth Circuit stated that "'[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than

---

[1] Plaintiffs incorrectly argue that this motion must be stricken because it is premature. They contend that this case has not been "reopened" and therefore the court cannot rule on the motion. Whether a case has been "opened" or "closed" is merely an administrative function and has nothing to do with the court's jurisdiction. Once the Tenth Circuit issued its mandate to this court, jurisdiction followed the mandate. See Docket # 90 (Mandate issued June 23, 2009).

attorney's fees—should be allowed to the prevailing party.'" *Utah Animal Rights Coalition v. Salt Lake County* 566 F.3d 1236, 1245 (10th Cir. 2009) (citing Fed. R. Civ. P. 54(d)(1)); *see also Klein v. Grtiynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995) ("Rule 54(d) creates a presumption that the prevailing party shall recover costs.").

Here, in its Bill of Costs, Salt Lake County has requested $1,159.53. Plaintiffs have not objected to award of costs, but it does object to Defendant's request for travel expenses ($322.13) and for deposition transcripts ($382.40).

The word "costs" in FRCP 54(d) is a term of art, defined by 28 U.S.C. § 1920. While this court is given broad discretion in awarding costs, "'it has no discretion to award items as costs that are not set out in section 1920.'" *Griffin v. Strong*, 827 F. Supp. 683, 689 (D. Utah 1993)(quoting *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990)). Only the following items may be taxed as costs:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of [Title 28]; (6) Compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C. § 1920. The court must determine whether the claimed costs were necesssarily incurred in the litigation, and if so, whether they are reasonable. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245-46 (10th Cir. 1990). "'Necessarily obtained' does not mean that the materials and services obtained 'added to the convenience of counsel . . . and perhaps . . . have made the task of the trial judge easier.'" *Id.* at 1245 (quoting *Farmer v. Arabian American Oil*

*Co.*, 379 U.S. 227, 235 (1964)). Rather, "the most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *Id.* at 1246. "Though use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." *Id.* The burden is on the prevailing party, not the court, to demonstrate both the reasonableness and necessity of the costs for which recovery is sought." *Id.* at 1245.

While Salt Lake County criticizes Plaintiffs for not citing any legal authority to support its contention that travel expenses are not proper costs, Salt Lake County has also not cited any authority for the proposition that such expenses are permissible "costs," and it is Salt Lake County which bears the burden on this issue. Indeed, travel expenses are not allowable costs. *See* 28 U.S.C. § 1920; *see also Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179-80 (10th Cir. 2005) (noting that the district court had erred by awarding costs that were not within the scope of § 1920, such as travel and other incidental expenses). Therefore, the court will not award costs for Defendant's travel expenses. On the other hand, the court finds that the costs in incurred for transcripts were necessarily obtained for the use in the motion for summary judgment. The court will award all costs requested by Defendant, except for the travel expenses, which results in a total amount of $837.40.

As the Tenth Circuit also noted, a court may order attorney's fees in a § 1983 claim to a prevailing party other than the United States. *Utah Animal Rights Coalition,* 566 F.3d at 1245. (citing 42 U.S.C. § 1988(b)). "'While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was

vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Id.* (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations and citations omitted). "This is a high bar for a prevailing defendant to meet." *Id.*

In the instant case, the court cannot find that the suit was vexatious, frivolous, or brought to harass or embarrass the defendant, and therefore the court will not award attorney fees.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that costs are taxed in the amount of $837.40. Plaintiffs are directed to pay these costs to Salt Lake County with thirty days. In addition, Salt Lake County's Motion for Attorney Fees [Docket # 95] is DENIED, and Plaintiffs' Motion to Strike Motion for Attorney Fees [Docket # 99] is DENIED.

DATED this 4th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge